```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ELLIOT LEIBOWITZ,

                      Plaintiff,
                                           MEMORANDUM & ORDER
         -against-                         13-CV-5642(JS)(ARL)

SELECTIVE FLOOD,

                      Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:        Elliot Leibowitz, pro se
                      2190 Legion Street
                      Bellmore, NY 11710

For Defendant:        Gail M. Kelly, Esq.
                      Conway Farrell Curtin and Kelly PC.
                      48 Wall Street, 20th Floor
                      New York, NY 10005

                      Joseph J. Aguda, Esq.
                      Nielsen Carter & Treas, LLC
                      3838 N. Causeway Boulevard, Suite 2850
                      Metairie, LA 70002
```

SEYBERT, District Judge:

Pro se plaintiff Elliot Leibowitz ("Plaintiff") commenced this insurance recovery action on August 27, 2013 against defendant Selective Insurance Company of New York ("Defendant" or "Selective").[1] The Complaint seeks insurance coverage for property damage caused by Superstorm Sandy under a Standard Flood Insurance

---

[1] Selective is improperly named in the caption as Selective Flood. (See Weber Aff., filed as Ex. A to Docket Entry 1, ¶¶ 1, 3.) Accordingly, the Clerk of the Court is directed to amend the caption to reflect Selective's full name--Selective Insurance Company of New York.

Policy ("SFIP") issued by Selective on behalf of the Federal Emergency Management Agency ("FEMA") pursuant to the National Flood Insurance Act (the "NFIA"), 42 U.S.C. § 4001, et seq. On October 11, 2013, Selective removed the action to this Court claiming, inter alia, that 42 U.S.C. § 4072 vests federal courts with original exclusive jurisdiction over Plaintiff's claim. On November 4, 2013, Plaintiff moved to remand this action to state court. For the following reasons, Plaintiff's motion is DENIED.

BACKGROUND

Plaintiff is a resident of Nassau County, New York. (Compl., Docket Entry 8, ¶ 1.) Selective is a Write-Your-Own ("WYO") Program insurance company participating under the NFIA. (Not. of Removal, Docket Entry 1, at 1.) Selective issued an SFIP to Plaintiff for property located at 2190 Legion Street in Bellmore, New York. (Weber Aff. ¶ 6.) Plaintiff alleges that Selective breached the SFIP when it denied Plaintiff's insurance claim for damage caused by Superstorm Sandy. (Compl. ¶¶ 4-6.)

DISCUSSION

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. Under 28 U.S.C. § 1447(c), "[i]f a federal district court determines that

2

it lacks subject matter jurisdiction over a case removed from state court, the case must be remanded." Star Multi Care Servs., Inc. v. Empire Blue Cross Blue Shield, --- F. Supp. 2d ----, 2014 WL 1057332, at *3 (E.D.N.Y. Mar. 19, 2014) (citing 28 U.S.C. § 1447(c)). "When a party challenges the removal of an action from state court, the burden falls on the removing party 'to establish its right to a federal forum by competent proof.'" In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig., No. 00-CV-1898, 2006 WL 1004725, at *2 (S.D.N.Y. Apr. 17, 2006) (quoting R.G. Barry Corp. v. Mushroom Makers, Inc., 612 F.2d 651, 655 (2d Cir. 1979)).

Plaintiff moves to remand this action to state court because he "was advised . . . that laws in Nassau County have more latitude to grant awards vs. Federal guidelines." (Mot. to Remand, Docket Entry 6.) However, even if was a legitimate ground for remand--which it is not--42 U.S.C. § 4072 vests federal courts with original exclusive jurisdiction over claims for benefits under SFIPs issued under the NFIA.[2] Palmieri, 445 F.3d at 184-87

---

[2] Under the NFIA, "the federal government provides flood insurance subsidies and local officials are required to adopt and enforce various management measures." Palmieri v. Allstate Ins. Co., 445 F.3d 179, 183 (2d Cir. 2006). The NFIA created the National Flood Insurance Program ("NFIP"), which "is administered by FEMA and supported by taxpayer funds" to "pay for claims that exceed the premiums collected from the insured parties." Jacobson v. Metro. Prop. & Cas. Ins. Co., 672 F.3d 171, 174 (2d Cir. 2012) (citation omitted). "Pursuant to its authority under 42 U.S.C. § 4081(a), FEMA created the WYO

(2d Cir. 2006).  Here, the SFIP at issue was issued to Plaintiff under the NFIA.  Accordingly, subject matter jurisdiction in this case exists pursuant to § 4072.  Plaintiff's motion to remand is therefore DENIED.[3]

CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is DENIED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:  May __6__, 2014
        Central Islip, New York

---

Program, which allows private insurers, also known as 'WYO companies,' to issue and administer flood-risk policies under the NFIP."  Id. at 174-75.  Selective, as a WYO company, may act as a "fiscal agent[] of the United States."  Id. at 175 (quoting 42 U.S.C. § 4071(a)(1).  "Thus, while the private insurance companies administer the federal program, '[i]t is the Government, not the companies, that pays the claims.'"  Id. at 175 (quoting Palmieri, 445 F.3d at 184).

[3] Because the Court finds jurisdiction under § 4072, the Court need not consider Selective's other arguments in support of jurisdiction here.

4